

FILED

APR 21 2008

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD R. LEGETTE-BEY, )
) Case No. 1:06CV01704
Petitioner ) 1:02cr367*
)
v. ) Judge Christopher A. Boyko
)
)
UNITED STATES OF AMERICA, )
) OPINION AND ORDER
Respondent. )

### CHRISTOPHER A. BOYKO,J:

This matter is before the court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, § 2255, U.S.C. Petitioner alleges ineffective assistance of counsel and prosecutorial misconduct. For the following reasons, the Court denies Petitioner's Motion.

### FACTS

On August 23, 2002, a federal grand jury returned a seven-count indictment (1:02CR367) against Petitioner and two co-defendants, charging them in connection with two Armed Bank Robberies. Petitioner and one co-defendant were each charged

1

with Felon in Possession of a Firearm. On January 28, 2003, pursuant to a written Plea Agreement, one co-defendant pleaded guilty to Count One, the May 21, 2002, Armed Bank Robbery of First Federal of Lakewood, Fairview Park branch; Count Two, Using a Firearm During a Crime of Violence; and Count Five, Receiving Bank Robbery Proceeds from the July 24, 2001, Armed Bank Robbery of Charter One Bank. On April 1, 2003, the United States filed a Supplemental Information, charging the second co-defendant with four additional counts of Armed Bank Robbery. On April 4, 2003, pursuant to a Plea Agreement, that co-defendant pleaded guilty to Counts One and Two of the indictment, Count Three of the indictment, that is the July 24, 2001, Armed Bank Robbery of the Charter One Bank, and Counts One through Four of the Supplemental Information, that is, the September 13, 1999, Armed Bank Robbery of First Federal of Lakewood, Westlake branch; the December 19, 2000, Armed Bank Robbery of First Federal of Lakewood, Fairview Park branch; the June 1, 2001, Armed Bank Robbery of Huntington National Bank, Lakewood, Ohio; and the December 14, 2001, Armed Bank Robbery of Third Federal Savings, South Euclid branch. In their Plea Agreements, both co-defendants agreed to cooperate and testify.

On April 2, 2003, a grand jury returned a second indictment(1:03CR136) against Petitioner, charging six counts of Armed Bank Robbery and six counts of Using a Firearm During a Crime of Violence for the May 21, 2002, December 14, 2001, July 24, 2001, June 1, 2001, December 19, 2000, and September 13, 1999 Armed Bank Robberies. On May 28, 2003, a jury trial commenced on the indictment in case number 1:03CR136 and on Count Six (Felon in Possession) of the indictment in case number

2

1:02CR367. On June 5, 2003, the jury returned guilty verdicts on all counts. On August 7, 2003, following the preparation of a Pre-Sentence Investigation Report, the District Court sentenced Petitioner to 262 months imprisonment on Counts One, Three, Five, Seven, Nine, and Eleven, concurrent with 120 months imprisonment on Count Six of 1:02CR367; seven years consecutive on Count Two; and 25 years each on Counts Four, Six, Eight, Ten and Twelve for a total of 125 years consecutive to all other counts.

On August 14, 2003, the Defendant filed a timely Notice of Appeal. On July 20, 2005, Petitioner's appeal was denied. On July 14, 2006, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28, Section 2255, United States Code, claiming ineffective assistance of counsel and prosecutorial misconduct.

## STANDARD OF REVIEW

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ...claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

Petitioner contends he was denied effective assistance of counsel. A defendant seeking to establish ineffective assistance of counsel must satisfy the standards set

3

forth in *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court formulated the following test:

> . . . First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

In attempting to establish that his attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 687-88. Judicial scrutiny of counsel's performance, however, "must be highly deferential." 466 U.S. at 689. A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689. The reviewing court is also required to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690.

An error by counsel, "even if professionally unreasonable," will "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance." *Id.* at

4

692. To establish prejudice, the "defendant must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In evaluating whether the Petitioner's Sixth Amendment rights were violated by errors of counsel, the focus is on whether there was a breakdown in the adversarial process affecting the fundamental fairness of the trial and the reliability of the result. Id. at 696. Bare allegations of ineffectiveness are insufficient. Before a hearing on a habeas corpus petition must be held, "the petition must be accompanied by a detailed and specific affidavit which shows the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir.1976) (emphasis added). A petition for habeas corpus based upon speculation and conjecture is "patently insufficient." *Id.* at 1102. Accord *United States v. Brooks*, 677 F.2d 907, 911-12 (D.C. Cir. 1982); *United States v. Ortega-Velasquez*, 465 F.2d 419 (5th Cir. 1972).

Petitioner contends his counsel failed to properly conduct discovery and investigation. The Government correctly points out defense counsel has a duty to conduct a reasonable investigation on behalf of his client. The failure to investigate standard is "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Sims v. Livesay*, 970 F.2d 1575 (6th Cir. 1992). However, Petitioner fails to state what the investigation would have uncovered in order to establish that the investigation was either unreasonable or necessary.

Petitioner also contends counsel failed to inform him of co-defendants'

5

statements. The Government correctly points out the *Jencks Act* provides that statements of co-defendants are not discoverable until after the co-defendant testifies at trial. Evidence properly disclosed after testimony at trial pursuant to the *Jencks Act* is not required to be disclosed prior to trial even if it is exculpatory. *United States v. Mullins*, 22 F.3d 1365 (6th Cir. 1994).

Petitioner contends counsel failed to motion for severance, however, as the Government correctly points out, Petitioner participated in bank robberies with his co-defendants and therefore, joinder of defendants is proper when all defendants participated in the same events. See, *United States v. Elder*, 90 F.3d 1110, 1119 (6th Cir. 1996).

Petitioner contends he was coerced by his counsel to agree to the preparation of a Pre-Plea Pre-Sentence Report. Petitioner fails to provide evidence his counsel conspired with the Government as he alleges. However, as the Government points out, both co-defendants had Pre-Plea Pre-Sentence Reports. The Court finds the preparation of a report does not amount to deficient performance by counsel.

Petitioner contends counsel failed to object to the prejudicial statement by a witness. As the Government again correctly points out, objections are used as part of trial tactics so that a failure to object is not ineffective assistance unless evidence is so prejudicial that a failure to object essentially defaults the case. *Lundgren v. Mitchell*, 440 F.3d 754 (6th Cir. 2006). The court agrees Petitioner has not shown how counsel's failure to object to the agent's statement resulted in prejudice or mandated a different outcome in the case.

6

Petitioner also contends counsel failed to raise the issue of missing clothing, and object to using photographs of the clothing. The Government, again, correctly points out objections are used as part of trial tactics so that a failure to object is not ineffective assistance unless evidence is so prejudicial that a failure to object essentially defaults the case. *Id*. Petitioner again fails to show how counsel's failure to object to using photographs of the clothing instead of the clothing itself results in prejudice or mandates a different outcome in the case.

Petitioner contends counsel failed to pursue the defense of not guilty by reason of mental defect. The Government points out, Petitioner used the defense that he did not participate in the bank robberies, a theory inconsistent with a defense of not guilty by reason of mental defect. Trial tactics should not be subject to "second-guessing" by reviewing courts. *White v. McAninch*, 235 F.3d 988 (6th Cir. 2000). Also, Petitioner has failed to show that evidence of a mental defect existed. Therefore, the Court agrees counsel's decision to not to pursue the defense of not guilty by reason of mental defect is not deficient performance.

Petitioner also contends counsel failed to request dismissal of the original indictment upon the filing of the second indictment. The Government correctly points out the defendant was tried on only one count from the first indictment - Felon in Possession of a Firearm; the Bank Robbery and related 924(c) charges (Use of a Firearm in Relation to a Crime of Violence) from the first indictment were not tried. On the second indictment, Petitioner was tried only on the Bank Robbery and related 924(c), therefore, double jeopardy is not implicated and counsel's failure to attack the

first and second indictment does not constitute deficient performance.

Petitioner contends counsel failed to argue that he was held for federal prosecution from the date of arrest, to show that cooperation of co-defendants with the Government from the date of arrest was evidence of federal jurisdiction and thus, a violation of the Speedy Trial Act. The Government correctly points out these allegations were specifically addressed on direct appeal by the Sixth Circuit. The Sixth Circuit found no violation of the Speedy Trial Act based on the initiation of state charges. *See, United States v. Legette-Bey*, 147 Fed.Appx. 474, 2005 WL 2175953, (6th Cir. 2005). A "§ 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances" such as "an intervening change in the law." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

Petitioner contends counsel had limited communication with him on his direct appeal. The Government points out trial counsel had extensive knowledge of the legal and factual issues in the case when the direct appeal was filed and may not have needed extensive communication with Petitioner. The Court agrees Petitioner has offered no proof beyond mere allegations that his counsel's performance was deficient.

Petitioner has provided no factual basis for vacating his sentence. In the absence of facts beyond mere conclusory allegations, this Court finds Petitioner has failed to meet his burden under *Strickland*, showing his attorney's performance was unreasonable.

Petitioner also contends the Government committed prosecutorial misconduct and violated the Double Jeopardy Clause when photographs of clothing were used as

evidence, despite being unable to produce the actual clothing. The Government contends, and this Court agrees, Petitioner has failed to prove that the photographs were not an accurate depiction of the actual clothing recovered by law enforcement on the date of the arrest. "In order to deny a defendant a fair trial, prosecutorial misconduct and improper argument must be 'so pronounced and persistent that it permeate[d] the entire atmosphere of the trial.' " *United States v. Lanier*, 33 F.3d 639, 658 (6th Cir.1994) (quoting *United States v. Castro*, 908 F.2d 85, 89 (6th Cir. 1990)). Furthermore, Petitioner has failed to show how the Government's introduction of the clothing photographs into evidence was so pronounced and persistent that it permeated the entire atmosphere of the trial.

The Government correctly points out, Petitioner was charged with committing six distinct and separate bank robberies. Each count relates to the robbery of a different bank, or the same bank on a separate date. "Generally, an indictment may not charge a single criminal offense in several counts without offending the rule against 'multiplicity' and implicating the double jeopardy clause." *United States v. Hart*, 70 F.3d 854, 859 (6th Cir. 1995). Therefore, the Court agrees the bank robbery charges do not violate the rule against multiplicity, which is violated only where an indictment charges a single offense in several counts. *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981).

Furthermore, the Government correctly points out the general double jeopardy test cannot be applied to a charge of 18 U.S.C. § 924(c), Use of a Firearm in Relation to a Crime of Violence, since such a charge is always predicated upon the violation of another statutory offense (18 U.S.C. §2113, Armed Bank Robbery in Petitioner's case).

9

The underlying crime of violence on which a § 924(c) conviction is based will never require proof of any fact for which §924(c) itself does not require proof. *United States v. Gibbons*, 994 F.2d at 302 (6th Cir.1993). The Government correctly points out Congress expressly provided that courts may impose punishment for a violation of § 924(c) in addition to the punishment imposed for the predicate felony.

Furthermore, the Government again correctly argues, the 18 U.S.C. § 922(g)(1) count, Felon in Possession of a Firearm, does not violate the rule against multiplicity. The Felon in Possession charge was in a separate indictment from the Bank Robbery and § 924(c) counts. Section 922(g)(1) is distinct from § 2113 and § 924(c) by requiring the Government prove that the defendant has previously been convicted of a felony. Therefore, the Court agrees the double jeopardy claim is without merit, as the prior conviction is separate conduct.

Therefore, for the foregoing reasons, the Court finds Petitioner has failed to demonstrate his counsel's representation was objectively unreasonable and prejudiced Petitioner. Furthermore, Petitioner has failed to demonstrate he was subject to prosecutorial misconduct. Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.
28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

> To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since this Court has determined the claims made by Petitioner in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing of the denial of constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

4/21/08
Date

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge